Edward Robinson, Jr., J.
Motion to strike an affirmative defense for legal insufficiency in an action to enforce a trust under article 3-A of the Lien Law. The affirmative defense alleges the corporate defendant filed a petition in arrangement in the Federal District Court, Eastern District, pursuant to chapter XI of the Bankruptcy Act, and that all proceedings to compel payment of claims against the corporation have been stayed by order of that court. The defense is not good for on August 2,1961, Mr. Justice Bruchhausen of the District Court signed an amended order expressly authorizing the prosecution of this action. The application to strike is granted.
By cross motion, the defendants request leave to serve an amended answer, and to substitute the debtor in possession in the bankruptcy proceeding as the party defendant in place of the named defendants. The application is denied, but leave to renew is granted, with respect to the amendment of the answer upon submission of a proposed amended pleading.
The theory of the plaintiff’s action is that he is beneficiary of a trust created under the Lien Law which entitles him to money due the general contractor (defendant Lap Constr. *440 Corp.) from the owner. Under New York law, a general contractor does not have a property right in moneys due from the owner except insofar as there is a balance remaining after payment of all subcontractors and other statutory beneficiaries. (Aquilino v. United States, 10 N Y 2d 271.) This being so, it follows that if the plaintiff succeeds, the moneys due him could not be considered assets of the bankrupt which could be reached by the trustee in bankruptcy. The debtor in possession of the bankrupt’s assets is not, therefore, a proper party to this action. The court, moreover, has no authority to abate the action against the individually named defendants by designating another party defendant in their place.